UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

APACE COMMUNICATIONS, LTD.,

                                        Plaintiff,

                                                                               DECISION AND ORDER

                                                                               07-CV-6151L

                         v.

JEFFREY BURKE, DAVID KLEIN, MICHAEL
BENEDICT, STEVEN LEVINE, LORI LEVINE,
CEPHAS CAPITAL PARTNERS, LP, JEFFREY
HOLMES, CLINT CAMPBELL, CEPHIRE
TECHNOLOGIES, INC., and TIMOTHY BEERS,

                                        Defendants.
_____

       Plaintiff Apace Communications, Ltd. ("Apace") has brought this action alleging fraud and other claims against a number of defendants, alleging that Apace was fraudulently induced by defendants to invest in a company named NetSetGo. By decision filed November 16, 2007, *see* 522 F. Supp.2d 509, this Court granted defendants' motion to dismiss but granted plaintiff leave to move to file a second amended complaint.[1] Familiarity with that decision is presumed.

---

[1] In response to defendants' motions to dismiss, plaintiff also filed an amended complaint (Dkt. #51). As explained in my prior Decision and Order, that amended complaint was filed as of right with respect to the defendants who had not yet answered the original complaint. Plaintiff also sought leave to file the amended complaint with respect to the defendants who had answered the complaint. 522 F.Supp.2d at 513-14. The Court denied that motion to amend, and dismissed the original and amended complaints, but granted plaintiff leave to file a second motion to

                                                                                   (continued...)

Apace has now filed its motion for leave to amend (Dkt. #87), and attached its 58-page proposed second amended complaint to the motion. The several defendants have filed papers in opposition to plaintiff's motion (Dkt. #91, #93, #95).[2]

For the reasons that follow, plaintiff's motion for leave to file a second amended complaint is granted and plaintiff is directed to file that complaint within fourteen (14) days of entry of this Decision and Order.

## DISCUSSION

The principal basis for defendants' motion to dismiss the original complaint was the failure to properly plead fraud under FED. R. CIV. P. 9(b). Defendants now oppose plaintiff's motion for leave to amend on the ground of futility, arguing that the proposed second amended complaint still fails to satisfy the requirements of Rule 9(b), and that it fails to state any cognizable claims, for a number of reasons.

---

[1](...continued)
amend, along with a proposed second amended complaint.
    I also note that plaintiff has previously withdrawn the claims against two defendants, Steven Hyde and David Grainger, and that the claims against them have been dismissed with prejudice. *See* 522 F.Supp.2d at 512 n.1, 523.

[2]One of the defendants named in the original and first amended complaints, Empire Beef Co., Inc., filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Western District of New York on September 6, 2007. The filing of that petition automatically stayed plaintiff's claims against Empire Beef. *See* 11 U.S.C. § 362(a).
    The proposed second amended complaint does not name Empire Beef as a defendant. Plaintiff's claims against Empire Beef are therefore deemed to be withdrawn and are dismissed.

As this Court discussed in its prior decision, there is a heightened pleading requirement under Rule 9(b) and the purpose of that rule is to afford defendants proper notice of what is alleged concerning the fraudulent conduct. *See* 522 F.Supp.2d at 515. There is also a degree of tension between the heightened pleading requirement of Rule 9(b) and the general rule encompassed by Rule 8 requiring "a short and plain statement of the claim." *See Corwin v. Marney, Orton Investments*, 788 F.2d 1063, 1068 n. 4 (5th Cir. 1986); *Presidio Group, LLC v. GMAC Mortg., LLC*, No. 08-5298, 2008 WL 2595675, at *1 (W.D.Wash. June 27, 2008).

Two other principles are also relevant to the instant motion. One is the directive of Rule 15(a)(2) that a court should "freely" grant leave to amend when justice so requires. The second is that courts should not engage in issue resolution at this most early stage of the case. Virtually no discovery has been exchanged and the matter is not before the Court on the merits for disposition under summary judgment principles. *See Anson v. H.E.L.P. Foundation of Omaha*, No. 8:07CV322, 2008 WL 351691, at *3 (D.Neb. Feb. 7, 2008) ("likelihood of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous" or is legally insufficient on its face) (quoting *Becker v. University of Nebraska*, 191 F.3d 904, 908 (8th Cir. 1999)); *Zamecnik v. Indian Prairie School Dist. No. 204 Bd. of Educ.*, No. 07 C 1586, 2007 WL 4569720, at *2 (N.D.Ill. Dec. 21, 2007) ("The court declines resolving such factual issues [raised by defendants] on a motion for leave to amend").

The standard for determining whether a proposed amendment would be futile is, rather, that applied to motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Adorno v. Crowley Towing And Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006); *Nettis v. Levitt*, 241 F.3d

186, 194 n. 4 (2d Cir. 2001); *overruled on other grounds by Slayton v. American Exp. Co.*, 460 F.3d 215 (2d Cir. 2006).

Although the standard for determining Rule 12(b)(6) motions has been modified recently by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955 (2007), the test is still a liberal one: is the complaint sufficient "to raise a reasonable expectation that discovery will reveal evidence" of actionable conduct? *Id.* at 1965; *see also Rallis v. First Gulf Bank, N.A.*, No. 3:08cv102, 2008 WL 4724745, at *2 (N.D.Fla. Oct. 24, 2008) (granting leave to amend and noting that "[t]here is no 'probability requirement at the pleading stage") (quoting *Twombly*, 127 S.Ct. at 1965).

The issue before me, then, is whether the proposed second amended complaint sufficiently rectifies the deficiencies noted in my prior decision, or whether it is simply a more verbose repetition and reallegation of matters previously determined by this Court to be insufficient.

At 58 pages, the proposed second amended complaint is certainly longer than the original, which ran to 37 pages, as well as the first amended complaint, which was 54 pages long.[3] Length alone, of course, does not necessarily equate with a properly pleaded complaint under the rules and principles discussed above. Nevertheless, a reading of the complaint convinces me that it meets the standards of the Federal Rules. To be sure it does contain some generalities, but this iteration of the complaint is sufficient to put defendants on notice as to the nature of the fraud

---

[3]As noted in my prior Decision and Order, most of the increased length of the first amended complaint was attributable to the addition of two new causes of action, rather than to added factual details. *See* 522 F.Supp.2d at 514.

alleged. Whether the matters alleged can be established so as to impose liability on defendants is certainly another matter, but one that must be left for another time, in a different context.

I believe that Apace has sufficiently pleaded injury based on certain false representations which were allegedly relied on by plaintiff. For example, Count I, which asserts a fraud claim, alleges that on March 28, 2001, defendant Jeffrey Burke called Rakesh Aggarwal, an officer of Apace, and made certain representations to him concerning a proposed merger between NetSetGo and another company, Atria Group. Dkt. #87-3 ¶ 32. Apace alleges that during that same telephone conversation, Burke solicited sizeable investments from Apace, and that in doing so, he misrepresented and concealed certain material facts concerning the uses to which Apace's investment would be put. *Id.*

In addition, the proposed complaint alleges that shortly after that conversation, defendant David Klein sent Aggarwal a report concerning NetSetGo that contained certain outdated information, which painted a rosier picture of NetSetGo's financial health and prospects than was warranted by the facts at that time. Dkt. #87-3 ¶ 33.

Similarly, the complaint alleges that defendants made a number of misrepresentations and material omissions at a May 13, 2001 meeting in Rochester attended by Aggarwal, defendants Burke, Klein, Clint Campbell, Jeffrey Holmes, and other individuals. Dkt. #87-3 ¶¶ 38-47. The contents of those alleged misstatements need not be repeated here, but suffice it to say that they are alleged in the proposed second amended complaint with a good deal of specificity, both as to what was said and by whom. Similarly detailed allegations are set forth concerning a September 9, 2001 meeting in paragraphs 64 through 66 of the proposed second amended complaint. That

is in contrast to plaintiff's earlier pleadings, which for the most part simply "allege[d] that multiple defendants [who were typically 'lumped together' in undifferentiated fashion], sometimes in concert with unnamed 'others,' made misrepresentations about some general subject matter at 'around' certain periods of time ... ." 522 F.Supp.2d at 517.

I also conclude that Apace has met its burden of pleading facts giving rise to "a strong inference of fraudulent intent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (quoting *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir. 1995)). Such an inference may be established "by alleging facts to show that defendants had both motive and opportunity to commit fraud ... ." *Lerner*, 459 F.3d at 290. If the allegations of the proposed second amended complaint are true, defendants would certainly have had a motive to induce Apace to invest money in NetSetGo in order to protect defendants' own positions as secured creditors of NetSetGo. Given the dealings among the parties as alleged by plaintiff, it is equally clear that defendants had ample opportunity to defraud Apace.

The claims for constructive fraud and breach of fiduciary duty are somewhat more problematical but under the peculiar facts set forth, I think at this stage, they are sufficiently pleaded. The proposed second amended complaint alleges that defendants used a NetSetGo board member, Mohan Chelleppa–whom they knew to be a close friend of Aggarwal–as their agent to persuade Aggarwal to invest Apace's money in NetSetGo. Apace also alleges that defendants knew that Aggarwal placed a great deal of trust and confidence in Chelleppa, who had significantly more experience than Aggarwal doing business in the United States, and that because of those circumstances defendants knew that Aggarwal would be especially likely to

follow Chelleppa's advice and recommendations about the wisdom of investing in NetSetGo. *See* Dkt. #87-3 ¶¶ 22-26, 97-100.

Even if plaintiff ultimately proves all of those allegations, that may not *necessarily* suffice for Apace to prevail on these claims. At least some of the relevant issues surrounding these claims may be for the finder of fact to determine. *See*, *e.g.*, *Sonnenschein v. Douglas, Elliman-Gibbons & Ives*, 274 A.D.2d 244, 247 (1st Dep't 2000) ("Whether a fiduciary relationship existed between the parties was a question of fact" for the jury); *accord United States v. Finnerty*, 474 F.Supp.2d 530, 544 (S.D.N.Y. 2007), *aff'd*, 533 F.3d 143 (2d Cir. 2008).

Again, though, the standard to be applied here is the relatively lenient one for deciding a motion to dismiss for failure to state a claim, not the much more demanding standard applicable to summary judgment motions. "[T]he appropriate inquiry [on a Rule 12(b)(6) motion] is not whether ... plaintiff is likely to prevail, but whether [plaintiff] is entitled to offer evidence to support [its] claims." *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007) (internal quotation marks omitted). For the reasons stated above, I conclude that Apace is entitled to do so.

## CONCLUSION

Plaintiff's motion to file a second amended complaint (Dkt. #87) is granted and plaintiff is directed to file that complaint within fourteen (14) days of entry of this Decision and Order.

Plaintiff's claims against Empire Beef Co., Inc., are dismissed as withdrawn. The motion to dismiss (Dkt. #44) filed by Empire Beef Co., Inc. is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 4, 2008.