UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

APACE COMMUNICATIONS, LTD., et al.,

                Plaintiffs,

       v.

JEFFREY BURKE, et al.,

                Defendants.
_____

DECISION & ORDER

07-CV-6151L

       Plaintiff Apace Communications, Ltd. has filed a motion for leave to depose Amber Barney Trumbull, Esq. (Docket # 225). Several defendants oppose the application, principally on the grounds that it is untimely. (Docket # 226, 227, 228). I agree.

       After numerous extensions of the scheduling order, the period for completion of identified fact witness depositions ended on February 29, 2012. (Docket ## 152, 155, 159, 174, 181). At no time before the deadline expired did plaintiff's counsel seek an extension of the deadline for the purpose of deposing Ms. Trumbull, nor, more importantly, did counsel even identify Ms. Trumbull as a witness whom plaintiff asked to depose. Counsel admits that "[b]efore February, 2012, Apace knew Ms. Trumbull was a material witness." (Docket # 229 at ¶ 10).

       Although counsel appears to suggest that his desire to depose Ms. Trumbull did not arise until Mr. Beyma (Ms. Trumbull's supervising partner) was deposed on April 4, 2012, he has offered no explanation why he did not advise this Court at that time or at any time in the ensuing more than six months of his intention to depose her. Although counsel avers that he did not learn of her address until October 19, 2012 (Docket # 225 at ¶ 16), he has described only

minimal efforts he undertook to locate her.[1]  In any event, even if those efforts were deemed diligent, they do not excuse plaintiff's failure to advise the Court and counsel of the desired deposition and seek an appropriate extension.  *See*, *e.g.*, *Jones v. HSBC Bank USA*, 2004 WL 1563080, *5 (W.D.N.Y. 2004); *Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 448 (W.D.N.Y. 1997); *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995).  *See also Spacecon Specialty Contractors, LLC v. Bensinger*, 2010 WL 4823056, *6 (D. Colo. 2010) (plaintiff did not demonstrate adequate diligence where it failed to seek extension of discovery deadline to permit deposition until four months after deadline had expired despite being aware of difficulties in serving the deposition subpoena).  Indeed, this Court conducted a conference with counsel on September 21, 2012 to address a different discovery motion.  (Docket # 221).  Counsel certainly could have raised the issue then, but chose not to.

With the exception of the two depositions that were the subject of motion practice (and have now occurred), fact discovery closed on the court-ordered deadline of February 29, 2012.  No good cause has been demonstrated for extending the deadline now to permit a deposition of Ms. Trumbull.

---

[1] Mr. Beyma testified that subsequent to Ms. Trumbull's employment with his firm (where she practiced under the name Amber Barney), Ms. Trumbull had been employed by Woods Oviatt LLP and then had been employed as General Counsel for Genecor, Inc. (Docket # 225-3 at 7).  Curiously, plaintiff's counsel's efforts to locate Ms. Trumbull did not include contacting either Woods Oviatt or Genecor.  (*See* Docket # 229 at ¶ 6).  Ms. Trumbull evidently is currently employed by Genecor's parent company.  (*See* Docket # 228 at ¶ 4).

Accordingly, plaintiff's motion **(Docket # 225)** is **DENIED**.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                          United States Magistrate Judge

Dated: Rochester, New York
       December 21, 2012