UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

APACE COMMUNICATIONS, LTD.,
RAKESH AGGARWAL,

                          Plaintiffs,

                                                          <u>DECISION AND ORDER</u>

                                                           07-CV-6151L

                          v.

JEFFREY BURKE, DAVID KLEIN, MICHAEL
BENEDICT, STEVEN LEVINE, LORI LEVINE,
CEPHAS CAPITAL PARTNERS, LP, JEFFREY
HOLMES, CLINT CAMPBELL, CEPHIRE
TECHNOLOGIES, INC., and TIMOTHY BEERS,

                          Defendants.
_____

## INTRODUCTION

      This action was commenced in 2007. The complaint alleged that thirteen defendants participated in a plan to fraudulently induce plaintiffs Apace Communications, Inc. and its principal, Rakesh Aggarwal to invest millions of dollars in a company named NetSetGo, in 2001. Plaintiffs allege that they lost those funds as a result of defendants' fraud.

      The case proceeded through discovery and motions for several years. During that time, plaintiffs were represented by two law firms, Foley & Lardner in Chicago, and local counsel in the Western District of New York, McConville Considine Cooman & Morin, P.C.

      Over the course of the litigation, and culminating in April 2014, this Court dismissed claims against the bulk of the defendants. Specifically, claims against defendants David Grainger (Dkt. #82), Steven Hyde (Dkt. #84), Empire Beef (Dkt. #102) and David Klein (Dkt. #135) were all dismissed. The Court also granted summary judgment in favor of defendants Lori Levine, Steven Levine, Cephas Capital Partners, LP ("Cephas"), Clint Campbell, and Jeffrey Holmes, and

dismissed all claims against them (Dkt. #256) on April 28, 2014.  So a total of nine defendants have been dismissed from the action.

Thereafter, on July 10, 2014, two of the remaining four defendants, Timothy Beers (Dkt. #258) and Michael Benedict (Dkt. #259) moved for summary judgment.  Soon after those two motions were filed, both of plaintiffs' attorneys, Foley & Lardner and the McConville Considine firm, moved (Dkt. #261, #262) to withdraw as counsel for plaintiffs because plaintiffs had not honored their financial obligations to those firms.  In support of those motions to withdraw, those two law firms submitted proof that although they had continued to work for plaintiffs, plaintiffs had failed to pay legal fees for well over a year prior to the motions to withdraw.  Movants have submitted uncontroverted evidence that the last payment to counsel occurred in May 2013 (Dkt. #265).

The Court granted the motions to withdraw by order of August 7, 2014 (Dkt. #264).  Because Beers's and Benedict's motions for summary judgment were then pending, in the Court's order granting leave for counsel to withdraw, plaintiffs were directed to advise the Court within sixty days whether they had obtained new counsel, and to respond to the pending motions for summary judgment.  *Id.*  Aggarwal informed his prior counsel that he understood his obligations under the Court's order (Dkt. #266).

Plaintiffs have not complied with the Court's August 7, 2014 order.  Plaintiffs did not contact the Court in any way or respond to the pending motions during the sixty-day period that had been granted them.  Not until March 2, 2015, some seven months after the Court's August 7, 2014 order, did plaintiffs contact the Court regarding this matter.  That contact consisted of a one-page letter (Dkt. #270) from Aggarwal, dated February 23, 2015, requesting that plaintiffs be given until June 30, 2015 to obtain new counsel and to file a response to Burke's motion to dismiss.

Plaintiffs' request was apparently prompted by a motion to dismiss filed by defendant Jeffrey Burke (Dkt. #267) under FED. R. CIV. P. 41, on January 29, 2015, for failure to prosecute.  A similar motion (Dkt. #272) was filed on March 17, 2015 by another of the defendants, Cephire Technologies ("Cephire").  Cephire's motion also seeks an order directing the turnover of certain

funds being held by Harris Beach PLLC, which represented Cephas, Holmes, and Campbell up until their dismissal from the case.

At this point, then, five motions are pending in this case: motions for summary judgment by defendants Beers and Benedict; motions to dismiss for lack of prosecution by defendants Burke and Cephire; and plaintiffs' motion for an extension of time to respond to Burke's motion. As stated, Cephire's motion also includes a request for an order directing the turnover of certain funds being held by Harris Beach.

## DISCUSSION

Plaintiffs' motion for an extension of time is denied, and plaintiffs' remaining claims are dismissed. This Court has authority to enforce its orders and to sanction parties for their failure to comply with those orders, and I do so here.

Plaintiffs have demonstrated a pattern of noncompliance with this Court's orders and with their obligations as plaintiffs. First of all, plaintiffs have not controverted the evidence that they have failed to fund the lawsuit and to pay their attorneys for well over a year, which finally resulted in their attorneys' well-founded motions to withdraw.

Plaintiffs were then ordered to obtain new counsel if they intended to prosecute the action, and to respond to the summary judgment motions. Plaintiffs were given sixty days in which to do so, which was more time than would normally be granted under such circumstances.

Although aware of the Court's order and timetable for responding to the motions, plaintiffs did nothing to prosecute this case for almost seven months. Plaintiffs only contacted the Court when faced with the pending motion to dismiss for failure to prosecute.

Plaintiffs now belatedly seek yet another three months to obtain new counsel and to respond to the pending motions. In that tardy request, Aggarwal makes only tepid, conclusory statements about "trying" to obtain counsel. The Court has been presented with no other information, and has received no cogent explanation as to why, at this late date, many months after their prior attorneys

were discharged from the case, plaintiffs need still more months to obtain new counsel and to prosecute this case.

An action may be subject to dismissal with prejudice pursuant to Rule 41(b) for failure to prosecute where the plaintiff has allowed the action to lie dormant for a lengthy period or has engaged "in a pattern of dilatory tactics." *Ampudia v. Lloyd*, 531 Fed.Appx. 32, 34 (2d Cir. 2013) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)). *See also Gibbs v. Hawaiian Eugenia Corp.*, 966 F.2d 101, 109 (2d Cir. 1992) ("While failure to prosecute is not defined in Rule 41(b), we have held that it can evidence itself ... in a pattern of dilatory tactics") (internal quotation marks and brackets omitted).

Such a pattern is evident here. Plaintiffs have presented no facially legitimate grounds for their failure to respond to the summary judgment motions, and I find no basis to grant them further time to do so. This case has lingered long enough. The bulk of plaintiffs' claims have been dismissed on the merits, and plaintiffs have demonstrated no serious interest in pursuing the remaining claims.

That alone would warrant dismissal of this entire action. I also note, however, that by failing to respond to the motions for summary judgment, plaintiff has implicitly admitted the truth of the factual bases for those motions. *See Perez v. County of Monroe*, 945 F.Supp.2d 413, 414-15 (W.D.N.Y. 2013). In light of those facts, and the other facts recited above, defendants' various motions are granted, and the complaint is dismissed.

At this point, I will defer deciding Cephire's motion regarding the turnover of funds, to give any other interested parties an opportunity to respond to the motion, as set forth in the Conclusion to this Decision and Order.

## CONCLUSION

The motions for summary judgment filed by defendants Timothy Beers (Dkt. #258) and Michael Benedict (Dkt. #259), and the motions to dismiss for lack of prosecution filed by

defendants Jeffrey Burke (Dkt. #267) and Cephire Technologies (Dkt. #272) are granted, and the complaint is dismissed.

Plaintiffs' motion for an extension of time (Dkt. #270) is denied.

At this time, the Court defers deciding Cephire Technologies' motion for an order directing the turnover of certain funds (Dkt. #272).  Any party wishing to respond to that motion must do so within twenty (20) days after the date of issuance of this Decision and Order.  The Clerk of the Court is directed not to close this case, pending a decision by the Court with respect to that motion, or unless otherwise directed by the Court.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       April 1, 2015.